CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 21 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

|  |  |  |
|---|---|---|
| **ANTONIO HERRERA,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 7:09CV00129** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **DR. THOMPSON, ET AL.,** | ) | |
| | ) | **By: Glen E. Conrad** |
| Defendant. | ) | **United States District Judge** |

Plaintiff Antonio Herrera, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Herrera alleges that the defendant prison officials violated his constitutional rights by failing to provide adequate medical treatment for a serious medical need, in violation of his Eighth Amendment rights. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## Background

In his complaint and attached grievances, Herrera provides the following sequence of events from which his claims arise.[1] In April 2008, Herrera first complained to prison officials at Red Onion State Prison that he had been suffering since February with a terrible pain at the bottom of his stomach and that his prostate and penis were also hurting. Dr. Thompson examined Herrera, diagnosed him on May 12, 2008 as having a prostate infection, and prescribed an antibiotic. The doctor also ordered an abdominal X-ray and prescribed other medications, including Loratadine, Fibercon, and Motrin. Herrera complains that none of these treatments

---

[1] The court filed the complaint conditionally and advised plaintiff that he had not made a clear statement of the facts on which his claims were based. He responded that he had provided all the details he could provide in his complaint and grievances. Accordingly, pursuant to its obligation to construe a pro se complaint liberally, the court has drawn many of the details about Herrera's claims from his own allegations as stated on his grievances and appeals.

solved his pain problems, and he questions why the doctor prescribed medications, if test results on him were "normal." He complained to prison officials that he should be sent to an outside doctor or specialist.

In December 2008, Herrera began another series of inmate complaints and grievances. Again, he complained that he had been suffering from terrible pain on his lower left side and that the pain was worse than ever. He stated that the pain affects him when he urinates, when he walks, and when he climbs stairs or climbs to the top bunk. He asserted that "Doctor Thompson has never take[n Herrera's] sick[ness] serious" and does not "worry to give [Herrera] the right treatment." Herrera admitted that Dr. Thompson had seen him many times, had told him "the pain is normal," had prescribed treatments that had not helped the pain,[2] and would not prescribe any "strong medicine" for pain or refer him to a specialist. Herrera's most recent grievance appeal attached to the complaint was determined to be unfounded on February 19, 2009.

Herrera complains that at the time he filed his complaint in April 2009, he was still suffering from pain in his abdomen, prostate, and penis, and that he was losing mobility in his legs. He demands an interlocutory injunction directing defendants to send him to a specialist for assessment for surgery. He argues that he will suffer irreparable harm in the absence of such an order, in the form of nerve damage, prostate cancer, strokes, and even death.

### Discussion

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an

---

[2] Prison officials' responses to Herrera's grievances and appeals indicate that the doctor has ordered blood work on at least two occasions and relied on those results, along with the repeated examinations of Herrera, in determining that no referral to an outside specialist was warranted by the inmate's condition. Because these grievance responses are not sworn affidavits, the court has not relied on them in reaching the decision that Herrera's allegations do not state a claim of constitutional dimension.

- 2 -

"officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." Factual allegations must be enough to raise a right to relief above the speculative level and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To prove that medical treatment he received while a prisoner amounted to a violation of the Eighth Amendment prohibition against cruel and unusual punishment,[3] an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). Inadvertent failure to provide a particular treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-106. To prove deliberate indifference, plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he drew or must have drawn that inference, and that he disregarded the risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Herrera's allegations fail to state any claim that anyone has acted with deliberate indifference toward his medical needs. The court will presume for purposes of this opinion that Herrera's allegations about chronic pain present a serious medical need for treatment. However, Herrera's own allegations indicate that Dr. Thompson has provided ongoing evaluation and treatment for his complaints of pain: antibiotics for an infection in May 2008, followed by an X-ray and other assorted medications, including pain medication, and later, additional appointments for evaluation and prescriptions. Nothing in the complaint suggests that the doctor knew what

---

[3] It is not clear from his pleadings whether Herrera was a pretrial detainee or a convicted felon at the time when all of his claims arose. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

different treatment would be necessary to relieve Herrera's pain, but simply refused to provide it. The simple fact that the pain has persisted despite the treatment provided is insufficient to support a claim that the doctor has at any time acted with deliberate indifference. Herrera's own assessment of his condition and its possible side effects, his statements that the doctor has provided the "wrong" treatment, and his self-diagnosis that he needs to see a surgical specialist are nothing more than disagreements with the doctor's treatment decisions. Such disagreements state, at most, claims that the doctor's treatment decisions were negligent, and such claims do not support a finding of deliberate indifference.[4] Accordingly, Herrera's allegations against Dr. Thompson regarding the course of treatment provided since February 2008 fail to state any constitutional claim.

The complaint also fails to state any claim against the other jail officers regarding the treatment provided during this period. These officers rightfully relied on the doctor's expertise as Herrera's treating physician as to the appropriate course of treatment for his condition. See Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990).

## Conclusion

For the reasons stated, the court finds that plaintiff's complaint fails to allege facts supporting any constitutional claim against any of the defendants and must be dismissed accordingly, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days

---

[4] Section 1983 was intended to protect only federal rights guaranteed by federal law and not tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). To the extent that Herrera's allegations may present claims under state law, such as claims of medical malpractice, such claims are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice.

- 4 -

of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendant.

ENTER: This 21ᵗ day of May, 2009.

_____
United States District Judge